# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES WALLACE, # S-16839,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 17-cv-550-JPG** |
| | ) | |
| **SHERIFF (Wayne County),** | ) | |
| **NURSE (Wife of C/O Mike),** | ) | |
| **and BRET FULK (FAULK),[1]** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Taylorville Correctional Center ("Taylorville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was detained at the Wayne County Jail ("the Jail"). Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A .

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

---

[1] Plaintiff spells this Defendant's surname as "Fulk" in the case caption and list of Defendants (Doc. 1, pp. 1-2), but as "Faulk" in the body of the Complaint. (Doc. 1, p. 5). This inconsistency will be corrected once the correct spelling is known.

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

Plaintiff asserts that between July 16, 2014, and July 7, 2015, he was denied "all of [his] medication for pain etc." (Doc. 1, p. 5). C/O Brett Faulk (Fulk) took Plaintiff off the medications "cold turkey," which caused Plaintiff to be sick for 28 days from withdrawal. *Id.* Plaintiff's medications included Fentanyl patches and blood pressure medicine. He states that he suffers from scoliosis and spinal stenosis in his back and neck, which caused him ongoing pain

for the year he spent in county jail. Faulk/Fulk refused to give Plaintiff a Fentanyl patch, although he had one available. Faulk/Fulk also refused to give Plaintiff Tylenol at least 6 times.

According to the Complaint, Plaintiff told the C/O's and the Defendant Nurse about his medical problems, and sent in a grievance, but his concerns were ignored. (Doc. 1, p. 3). Someone responded to the grievance by noting that Plaintiff could buy Tylenol or Ibuprofen for pain relief. *Id.*

During the winter, Plaintiff's blood pressure was very high, and he asked for a doctor's help. This request was refused for "almost a month." (Doc. 1, p. 5). Jail staff did check Plaintiff's blood pressure when he asked them to. At some point Plaintiff's blood pressure was 198/158. "Kurt" (who is not a named Defendant, nor is he otherwise identified) was aware of the reading but did not do anything about it. Plaintiff asked Kurt to tell the Sheriff. Plaintiff was taken to the Wayne County Hospital, where he received blood pressure medications. However, none of his other ailments were checked. *Id.*

In addition to the medical issues recited above, Plaintiff states that in July and August, "The Bailif[f]" (who is not a Defendant) told people about his case involving his minor daughter. (Doc. 1, p. 5). Faulk/Fulk told other inmates that Plaintiff was guilty of the charges, which caused Plaintiff to be harassed and threatened. *Id.* He gives no further detail. When Plaintiff confronted Faulk/Fulk, he called Plaintiff a "sick person" for what he had done.

As relief, Plaintiff seeks compensation for his pain, suffering, and major depression caused by his pain. He also wants the Wayne County Sheriff's Department to improve their grievance system and health care system. (Doc. 1, p. 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro*

*se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Fourteenth Amendment claim against all Defendants, for refusing to provide Plaintiff with necessary medications for his pain and high blood pressure, and delaying medical care for Plaintiff's high blood pressure;

> **Count 2:** Claim against Faulk/Fulk for disclosing the nature of Plaintiff's pending criminal charges to other inmates, which caused Plaintiff to be harassed and threatened.

Count 1 shall proceed for further consideration against some of the Defendants. Count 2 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

As to the relief sought by Plaintiff, he shall take note that his request for injunctive relief as to the Jail's grievance procedure and health care system has become moot since he is no longer incarcerated at the Jail. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at the Wayne County Jail under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

**Count 1 – Deliberate Indifference to Serious Medical Needs**

Based on the factual summary in the Complaint, it is evident that Plaintiff was a pre-trial detainee while he was held at the Jail. He is currently serving a sentence in the custody of the Illinois Department of Corrections after being convicted in Wayne County.

A pre-trial detainee's claims brought pursuant to § 1983 arise under the Fourteenth Amendment and not the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). To state a claim for deliberate indifference to medical care, a detainee (or a convicted prisoner) must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor

or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff's chronic pain, which may have been caused by his scoliosis and spinal stenosis, and his high blood pressure both appear to be objectively serious conditions. At this stage, the Complaint satisfies the first component of a deliberate indifference claim.

Furthermore, Plaintiff states that he told Faulk/Fulk and the Nurse about his symptoms of pain and high blood pressure, and asked for his medications. It appears that at least some of the medications had been prescribed for Plaintiff by a doctor. Despite Plaintiff's requests, Faulk/Fulk refused to give Plaintiff his medicines. The Nurse also failed to respond to Plaintiff's requests.

The Complaint also indicates that Plaintiff had to wait for "almost a month" before Defendants responded to his requests for medical care for his high blood pressure. (Doc. 1, p. 5). Plaintiff was taken to the hospital at some point after his blood pressure was recorded at 198/158, although the timing of the hospital visit is not clear. The delay in obtaining medical attention for Plaintiff's high blood pressure may also support a deliberate indifference claim against the person(s) who failed to take action earlier. It appears that Plaintiff alerted Faulk/Fulk and the Nurse to his needs, but they did not respond. The Complaint does not disclose who made the decision to take Plaintiff to the hospital.

At this stage, Plaintiff's allegations are sufficient to state a deliberate indifference claim against Faulk/Fulk and the Nurse. Therefore, **Count 1** may proceed for further consideration against these two Defendants. In order for Plaintiff to proceed with his claim against the Nurse, however, he must identify her by name.

Plaintiff also includes the Sheriff of Wayne County (serving from 2014 until July 6, 2015) as a Defendant in the action. However, Plaintiff's statement of claim does not include any allegations against the Sheriff, other than Plaintiff's statement that he asked another person (Kurt) to tell the Sheriff about his high blood pressure reading. From this minimal information, the Court cannot conclude that the Sheriff knew about Plaintiff's dangerously high blood pressure, yet failed to take steps to see that Plaintiff received medical attention. To the contrary, Plaintiff's narrative suggests that the Sheriff might have directed other staff to transport Plaintiff to the hospital after the high blood pressure reading. If so, that would negate a deliberate indifference claim, at least for that incident.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights. Plaintiff has not included any factual allegations about what the Sheriff might have known about his medical conditions, or what the Sheriff did or failed to do regarding Plaintiff's need for treatment of his high blood pressure or his pain. As a result, the Complaint does not support a deliberate indifference claim against the Sheriff, as there is no indication that he was involved in, aware of, or condoned the failure to provide Plaintiff with his medications, or the failure to promptly take him to a doctor regarding his blood pressure. Furthermore, the Sheriff cannot be held liable for any unconstitutional actions of other Jail staff merely because he was their supervisor. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th

Cir. 2001).

For these reasons, the Wayne County Sheriff shall be dismissed from the action without prejudice. **Count 1** shall proceed at this time only against Faulk/Fulk and the Nurse.

<strong>Dismissal of Count 2 – Harassment/Threats</strong>

Verbal harassment typically will not rise to the level of a constitutional violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"). Thus, Faulk's/Fulk's remarks to Plaintiff that he was "sick" for what he had done to his child are not actionable.

Faulk/Fulk also told other inmates about the charges Plaintiff faced, and stated his belief that Plaintiff was guilty. Without further elaboration, Plaintiff claims that this disclosure "caused [Plaintiff] to be harassed, threatened." (Doc. 1, p. 5).

Where a jail official provokes or incites other inmates to harm a plaintiff, and an attack ensues, the plaintiff will have a viable constitutional claim. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners") (internal citations omitted). If the harassment/threat does not result in an assault, it may still be actionable in some circumstances. *See Dobbey v. Ill. Dept. of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009) (harassment can violate the Eighth Amendment where it involves a "credible threat to kill, or to inflict any other physical injury"). *See also Irving v. Dormire*, 519 F.3d 442, 445, 449-50 (8th Cir. 2008) (pattern of conduct by defendant including allowing another inmate to attack plaintiff, offering to pay other inmates to beat him, providing a weapon to an inmate to use against plaintiff, and labeling plaintiff a "snitch," coupled with repeated verbal death threats, stated a claim).

In Plaintiff's case, he does not claim that he was the victim of an attack as a result of Faulk/Fulk's statements. While he states that he was "harassed" and "threatened," he does not set forth any facts describing the nature of the threats or any effect the threats may have had on him. There is simply not enough information to support a conclusion that Plaintiff faced a credible or serious threat of bodily harm, which might implicate constitutional concerns. For this reason, **Count 2** shall be dismissed at this time without prejudice.

### Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Count 1 against the Unknown Defendant Nurse (Wife of C/O Mike). However, this defendant must be identified with particularity before service of the Complaint can be made on her. Where a prisoner's Complaint states specific allegations describing conduct of individual prison/jail staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, Brett Fulk/Faulk, a fellow Jail employee, is capable of responding to discovery aimed at identifying the Unknown Defendant Nurse. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the Unknown Defendant Nurse (Wife of C/O Mike) is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

### Disposition

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **SHERIFF (Wayne County, 2014-July 6, 2015)** is **DISMISSED** from this action without prejudice.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **FULK/FAULK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Service shall not be made on the **Unknown Defendant Nurse (Wife of C/O Mike)** until such time as Plaintiff has identified her by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 7, 2017**

*s/J. Phil Gilbert*
United States District Judge

11